1  KEVIN V. RYAN, SBN 118321
   United States Attorney
2  JOANN M. SWANSON, SBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   SARA WINSLOW, DCBN 457643
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-7260
     Facsimile:  (415) 436-7169
7
   Attorneys for Defendant
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  ANNE DELANEY,                      )
                                       )
13         Plaintiff,                  )      CIVIL NO.   05-00756 SI
                                       )
14         v.                          )      STIPULATION AND ORDER OF
                                       )              REMAND
15  JO ANNE B. BARNHART,               )
    Commissioner of Social Security,   )
16                                     )
           Defendant.                  )
17  _____   )

18         The Commissioner has notified the United States Attorney's Office that the cassette tape

19  recording of Plaintiff's hearing has been lost.  The Commissioner of Social Security has requested

20  remand under Sentence 6 of 42 U.S.C. 405(g) in order to remand the claim to an Administrative Law

21  Judge for a *de novo* hearing.

22         Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

23         The court may, on motion of the Commissioner made for good cause shown before he
           files his answer, remand the case to the Commissioner for further action by the
24         Commissioner .

25  See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

26         The joint conference committee of Congress in reporting upon the Social Security Disability

27  Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties,

28  such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary.  The

1   intent of the committee was that such procedural defects be considered "good cause" for remand.

2   The committee states:

3       Such a situation is an example of what could be considered 'good cause' for remand.
        Where, for example, the tape recording of the claimant's oral hearing is lost or
4       inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be
        located or are incomplete, good cause would exist to remand the claim to the
5       Secretary for appropriate action to produce a record . . .  (H.R. Rep. No. 96-944, 96th
        Cong., 2d Sess. 59 (1980)).
6
        Good cause having been shown, the parties agree that this action should be remanded to the
7
    Commissioner of Social Security for further proceedings as stated above.  Defendant will reinstate
8
    the action in this Court when plaintiff's record is complete and/or when an administrative transcript
9
    is prepared.
10

11

12  Dated:  June 3, 2005                          /s/
                                            CRISOSTOMO IBARRA
13                                          Attorney for Plaintiff

14                                          KEVIN V. RYAN
                                            United States Attorney
15

16

17  Dated:  June 6, 2005           By:           /s/
                                            SARA WINSLOW
18                                          Assistant United States Attorney

19  PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to

20  sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

21

22

23
    Dated:                                                                    __
24

25

26                          IT IS SO ORDERED

27

28                                   Judge Susan Illston

    DELANEY,  REMAND STIP S6 (ss)
    C 05-00756 SI