E

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNE DELANEY,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

_______________________________________/

No. C 05-00756 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff has filed a motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). The motion is scheduled for hearing on November 21, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion.

**BACKGROUND**

Plaintiff Anne Delaney has been seeking benefits since 1994. Her original claim was denied, initially and on reconsideration. Plaintiff appealed, and an Administrative Law Judge ("ALJ") concluded that she was not disabled. The Appeals Council denied her request to review the decision. This Court affirmed that decision on April 3, 1998. On June 16, 1999, the Ninth Circuit reversed and remanded. On remand, a second ALJ found that plaintiff was not disabled. Plaintiff appealed the decision to the Appeals Council, which agreed with plaintiff and remanded for further proceedings. A third ALJ, Brenton Rogozen, found plaintiff was not disabled. In his decision, he rejected the medical

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

opinion of an examining psychiatrist, Dr. Karalis, regarding plaintiff's mental state. Plaintiff appealed to the Appeals Council, which declined to accept jurisdiction. On February 22, 2005, plaintiff again appealed to this Court. On February 24, 2007, this Court granted plaintiff's motion for summary judgment and remanded the case back to the Commissioner for further administrative proceedings. Plaintiff appealed the remand and on June 13, 2008, the Ninth Circuit determined that plaintiff is entitled to benefits as a matter of law and that further proceedings are unnecessary. *See Delaney v. Astrue*, No. 97-15766, slip op. at 2. (9th Cir. June 11, 2008). Accordingly, the Ninth Circuit remanded the matter for an award of benefits in lieu of further administrative proceedings before the Commissioner. Now before the Court is plaintiff's motion for attorneys' fees pursuant to the EAJA.

## LEGAL STANDARD

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to attorneys' fees and costs unless the Court finds that the position of the United States is substantially justified. *See id.* In *Pierce v. Underwood*, the Supreme Court defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden of establishing substantial justification is placed with the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). However, the government's position need not be correct to be substantially justified. *See Pierce v. Underwood. See* 487 U.S. at 566 n.2.

## DISCUSSION

### 1. Substantial Justification

In determining whether the United States' position was substantially justified, the court reviews both the underlying governmental action being defended as well as the government's position in the litigation itself. *Barry v. Brown*, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, *In re Slimick*, 928 F.2d 304 (9th Cir. 1990); *see also* 28 U.S.C § 2412(d)(2)(D) ("position of the United

**United States District Court**
For the Northern District of California

States means in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.").

**A. The United States' position in the underlying action**

The government argues that its position in the underlying proceeding, in which ALJ Brenton Rogozen rejected the medical opinion of examining psychiatrist Dr. Karalis, was substantially justified. The government contends that the ALJ properly resolved conflicts in the medical testimony. According to the government, the ALJ was reasonable to reject Dr. Karalis' opinion because it was unsupported by clinical findings and was contradicted by that of another psychologist. Plaintiff argues this position was not substantially justified. The Court agrees. In its decision on summary judgment, the Court found that the ALJ's decision to reject Dr. Karalis' opinion was not supported in fact or law. *See* Order Granting Pl. Mot. for Summ. J. at 7. [Docket No. 29] On appeal, the government conceded this point and the Ninth Circuit affirmed this Court's decision on this issue. *See Delaney*, No. 97-15766, at 2. Accordingly, the Court finds that the United States' position in the underlying action was not substantially justified.

**B. The United States' position in the litigation**

The government's position before this Court was that the ALJ's decision to reject Dr. Karalis' opinion was proper. While the government abandoned this argument before the Ninth Circuit, it now argues that its position was substantially justified. As described above, the Court finds that the United States' position with the regard to the opinion of Dr. Karalis was not supported in law or fact.

The government also argues that it was substantially justified in its position on appeal regarding remand. It argued that the case should be remanded so that a vocational expert could review Dr. Karalis' testimony on plaintiff's functional limitations. The Ninth Circuit rejected this argument because a vocational expert had already been asked about plaintiff's functional limitations in a proceeding in 2002. *See Delaney*, No. 97-15766, at 3. The Court finds that the government's argument on the need for remand was reasonable. Even so, "[a] reasonable litigation position does not establish substantial justification in the face of a clearly unjustified underlying action." *See U.S. v. Marolf*, 277 F.3d 1156, 1163-64 (9th Cir. 2002) (citing case). On balance, the government's position with regard to remand does not outweigh its unreasonable position in the underlying action. Accordingly, the Court

**United States District Court**
For the Northern District of California

finds that attorneys' fees are warranted in this case.

**2. Reasonableness of Plaintiff's Request for Fees**

Plaintiff seeks fees for 117.3 hours of attorney work in 2004 through 2007 and 15.6 hours of paralegal work over the same period. The EAJA places a statutory cap of $125 per hour, but permits courts make a cost of living adjustment to that amount. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff's request for a total of $20,288.10 reflects the cost of living adjustment. Counsel provides detailed time records justifying this claim for reimbursement.

Defendant argues that plaintiff's fee request should be reduced by half because this was a routine case and because plaintiff did not prevail in "most" of her arguments. *See* Def. Opp. to Pl. Mot., at 8. The Court disagrees. Plaintiff was fully successful in her argument that she should be awarded benefits and that the case should not be remanded for further proceedings. In addition, this was not a routine case. The administrative record in this case, which began some fourteen years ago, is substantial. The underlying agency action at issue in this portion of the litigation involved medical testimony from four experts. On appeal, plaintiff addressed the complex issue of which of the ALJ decisions in this case constituted the final decision subject to review. Accordingly, the Court declines to reduce plaintiff's fee request on the grounds that the issues in this case were straightforward.

Defendant also raises specific objections to a total of 8.6 hours claimed by plaintiff's counsel. In her reply brief, plaintiff provides extensive documentation of the challenged 8.6 hours. *See* Decl. of Crisostomo Ibarra in Supp. of Pl. Reply. The Court finds that the tasks detailed, which include fractions of hours to compose correspondence and to review court documents are all necessary aspects of litigation. Accordingly, the Court finds that plaintiff's counsel has adequately accounted for the time expended on this case and that the hours and fees claimed are reasonable. The Court GRANTS plaintiff's motion for an award of fees totaling $20,288.10.

**IT IS SO ORDERED.**

Dated: 11/19/08

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California